IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT ZLAHN,<br><br>                    Petitioner,<br><br>vs.<br><br>PATRICK MCTIGHE, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>                    Respondent. | CV 18-158-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

Before the Court are Magistrate Judge Cavan's Findings and Recommendations, filed November 12, 2020. (Doc. 13). Judge Cavan recommended that Petitioner Robert Zlahn's amended petition for writ of habeas corpus be denied. (*Id.* at 32). Petitioner timely filed an objection to the Recommendation on November 27, 2020.[1] (Doc. 15). For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations in full.

I.     **STANDARD OF REVIEW**

Parties are entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which they timely and properly object. 28 U.S.C.

---

[1] Petitioner filed a second document requesting additional time within which to file "an amended petition for why he objects and explain." (Doc. 14 at 1). However, Petitioner timely filed his objections to Judge Cavan's Recommendations four days later. Therefore, Petitioner's request for additional time is denied as moot.

1

§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## II. DISCUSSION

Petitioner generally states that he objects to the entirety of Judge Cavan's Findings and contests the Recommendations presented. (Doc. 15 at 1). However, Petitioner goes on to specifically identify only one objection: that Judge Cavan erred in recommending denial of the petition without first affording Petitioner an

2

opportunity to amend the petition. (*Id.* at 2). Petitioner fails to mention anywhere in his objections that he has already been afforded such an opportunity and filed an amended petition on October 4, 2019. (Doc. 11). It was this amended petition that Judge Cavan made his Findings and Recommendations on. (Doc. 13 at 1). Because Petitioner has already received an opportunity to file an amended petition and presents no nuanced argument for why a second opportunity is required, the Court finds this objection meritless.

To the extent Petitioner attempts to broadly object to Judge Cavan's actual Findings and Recommendations, the Court finds that Petitioner has failed to present proper objections. Petitioner states: "Zlahn Hereby OBJECTS to the Entirety of the November 12, 2020 Findings and Recommendations Thus Opposing and Contesting that his Petition for Writ of Habeas Corpus Should 1) Be denied, 2) Judgment in favor of Respondent and 3) That his (COA) Certificate of Appealability be denied." (Doc. 15 at 1). While the Court is cognizant that pro se filings are to be construed liberally, *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020), the Court cannot find that a single sentence broadly objecting to Judge Cavan's ultimate recommendations suffices to identify the findings opposed let alone presents legal or factual arguments supporting a different outcome. *See Lance*, 2018 WL 4335526, at *1. The Court is left to review Judge Cavan's Findings and Recommendations for clear error, which the Court does not find.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 13) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Petitioner's amended petition is **DENIED**. The Clerk of Court is directed to enter judgment in favor of Respondent. A certificate of appealability is denied.

DATED this 26th day of February, 2021.

SUSAN P. WATTERS
United States District Judge